## 25002. BROWN v. HAGAN.

DECIDED FEBRUARY 8, 1936.

*Noah J. Stone*, for plaintiff. *Paul L. Lindsay*, for defendant.

STEPHENS, J. This case arose by a warrant to dispossess a tenant on the ground of non-payment of rent and holding over beyond his term. The defendant occupied the premises as a tenant at a rental of $25 per month due in advance on the third day of each month. According to the testimony of the defendant, a check for $35.50, which he mailed in payment of the rent to July 3, 1934, was returned to him by the agent to whom it was sent, on the ground that the agent no longer had anything to do with the collection of the rent; that the defendant then, in response to a letter from a firm of lawyers, mailed the firm a check in the same amount for the payment of the rent, that this check was returned to him by the lawyers, who claimed that the amount due was $60.50; and that the defendant thereupon mailed to the firm a check for this latter amount. This check was accepted by the lawyers to whom it was transmitted, who, as appears from the evidence, were authorized by the plaintiff to handle the transaction and collect the rent. This payment, it was contended by the plaintiff, paid the rent only through the month of June, 1934. But according to the defendant's testimony this would have paid the rent to August 3, 1934. The warrant to dispossess was taken out on August 2, 1934, and notice of its issuance was served on the defendant on August 3, 1934. It also appeared that on August 1, 1934, the day before the issuance of the warrant, a written demand for possession of the premises was served on the defendant; that on that same date, in an envelope postmarked as mailed at 4 p. m., the defendant mailed a check for $25 to the attorneys for the plaintiff, which check, in a letter from the attorneys dated October 2, 1934, was returned to the defendant with the statement that he had breached the contract, and that the plaintiff insisted on possession of the property. It

does not appear whether the demand to vacate, which was served on the defendant on August 1, was served before or after the defendant deposited this check in the mail.

It was a question of fact whether the defendant when demand for possession was made, was in arrears of his rent. The evidence authorizes the inference that the rent was not due, and the judgment for the defendant was therefore authorized. According to the judgment, since the defendant had not breached his contract by non-payment of rent and was therefore not subject to dispossession, and since he was entitled to continue as tenant for the remainder of the term as provided in the contract, which was until May 3, 1934, on the payment of the rent as provided in the contract and otherwise complying with its terms, a provision in the judgment that the sum of $150 which the defendant had tendered into court for rent due from July 3, 1934, to January 3, 1935, be paid to the clerk of the court, and that future rent thereafter at the rate of $25 per month be paid to the clerk on or before the tenth day of each month, beginning January 10, 1935, until the final termination of the case, even if error, was not harmful to the plaintiff. The appellate division of the municipal court did not err in affirming the judgment overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*